IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HISCOX DEDICATED CORPORATE MEMBER, LTD., *et al.*, | § § § |
| Plaintiffs, | § § |
| VS. | §   CIVIL ACTION NO. H-06-2497 |
| | § |
| CAROLINA CONSULTANTS OF NEVADA, LLC, d/b/a Two Guys on a Journey, LLC, | § § § § |
| Defendant. | § § |

**MEMORANDUM AND OPINION**

This declaratory judgment suit arises out of an insurance coverage dispute. Hiscox Dedicated Corporate Member Ltd. and Kiln Underwriting Ltd. issued a commercial business personal property insurance policy to Majestic Games of South Carolina, Inc. The policy covered property that included 497 gaming machines. Before the policy issued, Majestic sold its assets—primarily consisting of the gaming machines—to Two Guys on a Journey, LLC. Two Guys on a Journey was in turn purchased by Carolina Consultants of Nevada, LLC. An endorsement to the insurance policy made Carolina Consultants the named assured. A dispute between Majestic's owner and Two Guys followed. Majestic's owner took the gaming machines. Carolina Consultants has demanded that the insurers cover the loss. In this suit, the insurers seek a declaratory judgment that the loss is not covered. Before this suit was filed, Carolina Consultants sued the insurers in state court in South Carolina, seeking

damages for breach of the insurance policy arising out of the insurers' refusal to pay for the loss of the gaming machines. Carolina Consultants has identified the state-court case as a related lawsuit, as the local rules of this court require. Carolina Consultants has moved to dismiss this case under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). (Docket Entry No. 6). The insurers have not filed a response to the motion to dismiss.

**I.     The Applicable Legal Standard**

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Although the permissive "may" in Section 2201(a) gives the district court broader discretion to decline to hear a declaratory judgment action than it has in other kinds of actions, the district court's discretion is not wholly unfettered. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994); *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). In deciding whether to retain or dismiss a federal declaratory judgment action, a district court "must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

In *Trejo*, the court outlined seven nonexclusive factors that a district court must consider in exercising its discretion to retain or dismiss a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590–91; *see also Sherwin-Williams Co.*, 343 F.3d at 388 (same); *Vulcan Materials Co.*, 238 F.3d at 390 (same). These "seven *Trejo* factors . . . must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs." *Vulcan Materials Co.*, 238 F.3d at 390. These seven factors address three broad considerations: federalism, fairness/improper forum shopping, and efficiency. *Sherwin-Williams Co.*, 343 F.3d at 390–91.

## II.  Legal Analysis

### A.  Justiciability

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003).  In this case, the insurers denied coverage and Carolina Consultants has sued alleging that there is coverage.  This substantial controversy over coverage under the policy presents a justiciable issue.

### B.  Authority to Grant Relief

The Fifth Circuit has held that "a district court does not have authority to consider the merits of a declaratory judgment action when:  (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings." *Sherwin-Williams Co.*, 343 F.3d at 388 n.1 (citing *Travelers Ins. Co.*, 996 F.2d at 776).  In this case, there is a pending state-court action involving the same issues as those presented in this federal case and there is no basis for this court to enjoin the state-court action.  The pending state-court action was filed before the insurers filed the federal declaratory judgment action.  It appears that this court would lack authority to decide this declaratory judgment action because the state-court action was filed before the federal case.

### C. Discretion

Even if this court had the authority to grant the declaratory relief the insurers request, this court would exercise its discretion to dismiss the case. Under the first three *Trejo* factors, there is a pending state action in which all of the issues in this case can be fully litigated; the insurers filed this suit to obtain a different forum. The first three *Trejo* factors favor dismissing this case in favor of the state-court lawsuit.

If this court permitted the declaratory judgment action to proceed, inconsistent rulings by this court and by the state court could result. Allowing the declaratory plaintiff to change forum may create possible inequities. Retaining this suit does not serve judicial economy. The fourth and sixth *Trejo* factors favor dismissal.

The federal district court for the Southern District of Texas is a convenient forum for the parties and witnesses, but it appears that the state court in South Carolina is also a convenient forum. The federal court is not "being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." The fifth and seventh *Trejo* factors do not favor dismissal.

The majority of the *Trejo* factors support dismissal of this declaratory judgment action in favor of the pending state-court litigation. In *Sherwin-Williams*, the Fifth Circuit noted that the *Trejo* factors address three concerns: federalism, fairness, and efficiency. *Sherwin-Williams Co.*, 343 F.3d at 390–91. The federalism concern addresses the "proper allocation of decision-making between state and federal courts." *Id*. at 390. "[I]f the federal

5

declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id*. at 390–91. The issues in this case are state-law issues that can and should appropriately be decided in the pending lawsuit in South Carolina state court.

## III.   Conclusion

This court does not have the authority to grant the declaratory relief requested by the insurers. Consideration of the *Trejo* factors and the three concerns identified in *Sherwin-Williams Co.* also lead to the conclusion that this court should dismiss this declaratory judgment action in favor of the pending state-court litigation in South Carolina. Defendant's motion to dismiss is granted. This case is dismissed without prejudice in favor of the pending lawsuit in Greenville County, South Carolina, Court of Common Pleas, Thirteenth Judicial Circuit, C.A. No.: 2006-CP-23-3950.

SIGNED on October 26, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge