**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HISCOX DEDICATED CORPORATE MEMBER, LTD., *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-06-2497 |
| CAROLINA CONSULTANTS OF NEVADA, LLC, d/b/a Two Guys on a Journey, LLC, | § § § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

On October 26, 2006, this court entered its memorandum and opinion and accompanying order dismissing this suit without prejudice in favor of a pending state-court lawsuit in Greenville County, South Carolina. (Docket Entry Nos. 10, 11). This court determined that under the Fifth Circuit's holding in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), this suit should be dismissed in favor of the state-court proceeding. Hiscox Dedicated Corporate Member Ltd. and Kiln Underwriting Ltd. (the "insurers") now ask for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 12). The defendant has responded. (Docket Entry No. 13). For the reasons that follow, this court denies the insurers' motion for reconsideration.

The facts of this case are addressed only briefly here. This suit arises out of a commercial business personal property insurance policy that the insurers issued to Majestic

Games of South Carolina, Inc.  The policy covered property that included 497 gaming machines.  The insurers, through a Greenville, South Carolina insurance agency, Scheetz, Hogan and Freeman, issued the policy to Majestic in Greer, South Carolina.  The policy had an effective date of February 18, 2005.  (Docket Entry No. 6, Ex. C).  Before the policy issued, Majestic sold its assets—primarily consisting of the gaming machines located in Mexico and Texas—to Two Guys on a Journey, LLC.  Carolina Consultants of Nevada, LLC subsequently purchased Two Guys on a Journey.  An endorsement to the insurance policy effective July 12, 2005 made Carolina Consultants the named assured.  A dispute between Majestic's owner and Two Guys followed.  The insurers alleged that Majestic's owner took the gaming machines and shipped them to Guatemala.  Carolina Consultants demanded that the insurers cover the loss.  In this federal suit, the insurers sought a declaratory judgment that the loss is not covered.

Before this federal suit was filed, Carolina Consultants sued the insurers, Scheetz, Hogan and Freeman, and AmWINS Brokerage of the Carolinas, LLC, a North Carolina-based insurance broker, in state court in South Carolina.  In the state-court suit, Carolina Consultants sought damages for breach of the insurance policy arising out of the insurers' refusal to pay for the loss of the gaming machines.  In this federal suit, Carolina Consultants identified the state-court case as a related lawsuit and moved to dismiss in favor of the South Carolina suit.  (Docket Entry No. 6).  The insurers did not file a response to the motion to

dismiss. After analyzing the *Trejo* factors, this court granted the motion to dismiss on October 26, 2006, and dismissed this suit without prejudice in favor of the South Carolina suit.

On November 9, 2006, the insurers filed a motion to reconsider the dismissal order, alleging that it was unlikely that the South Carolina lawsuit would proceed. (Docket Entry No. 12). The insurers attach a motion for summary judgment that they filed in the South Carolina action on November 8, 2006.[1] The summary judgment motion argues that a South Carolina law governing suits brought by nonresidents requires dismissal of that case. Section 15-5-150 of the South Carolina Code states that:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1)   By any resident of this State for any cause of action; or
>
> (2)   By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

S.C. CODE § 15-5-150. The insurers argue that the state court suit will be dismissed under Section 15-5-150 because neither the insurers nor Hiscox are South Carolina residents and the cause of action arose out of a theft that allegedly occurred in Texas. (Docket Entry No. 12 at 2). The insurers ask this court to amend its earlier opinion to allow this federal case to proceed, or alternatively, stay the dismissal until the South Carolina summary judgment

---

[1] The insurers refer in their motion for reconsideration that the motion pending in the South Carolina suit is a motion to dismiss; however, that motion is labeled a summary judgment motion. For current purposes, the distinction is of little consequence.

motion is resolved.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is such an extraordinary remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The insurers claim that the summary judgment motion they filed in the South Carolina suit on November 8, 2006 is newly discovered evidence under Rule 59(e) that justifies amendment of the dismissal. "If a party seeks to upset a summary judgment on the basis of evidence that was not timely presented, the district court must balance the following factors:

4

(1) the reasons for the failure to file the evidence in a timely fashion; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was available before the summary judgment decision was made; and (4) the likelihood that the non-moving party will suffer prejudice if the motion to alter is granted." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)); *see also Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

The insurers do not explain why they did not file their summary judgment motion in South Carolina until November 8, 2006, two weeks after this court issued its dismissal order. This court cannot assume that because a summary judgment motion is pending in the South Carolina action, that action is not "legitimate." The first factor weighs against reconsideration.

The insurers also fail to provide a reason why the filing of a summary judgment motion is important to their case here. They argue that dismissal is a certainty in South Carolina, but this is far from clear. Jurisdiction in that suit is based on the South Carolina residency of one of the defendants, Scheetz, Hogan and Freeman. The insurance policy was also issued in South Carolina. The present record does not so clearly show that dismissal is inevitable as to support reconsideration.

The insurers have not indicated that the information on which they based their summary judgment motion was unavailable when they failed to respond to Hiscox's motion to dismiss in this court. Nor have they supported their reconsideration motion with any

evidence that would suggest that their jurisdictional arguments in South Carolina are "newly discovered." The third *Hale* factor weighs against amending the dismissal.

In the memorandum and opinion dismissing this suit, this court stated that should this case continue, Hiscox may face the possible inequity of inconsistent court rulings and will be forced to litigate this matter in two forums. (Docket Entry No. 10 at 5). These burdens remain. The South Carolina suit is still pending. The fourth factor does not favor amendment of the dismissal.

This court dismissed this action without prejudice. Neither that order nor the denial of the reconsideration motion addresses whether or where insurers may proceed if the South Carolina action is dismissed for lack of jurisdiction.

The motion for reconsideration is denied.

SIGNED on December 4, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge